**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **KRIS K AGRAWAL,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**U.S. POSTAL SERVICE et al.,**<br><br>**Defendants.** | **Case No. 26-CV-00087-SEH-MTS** |

## OPINION AND ORDER

Before the Court is Plaintiff Kris Agrawal's Complaint. [ECF No. 1]. For the reasons set forth below, Plaintiff's Complaint is dismissed without prejudice.

### I. Background

Plaintiff names almost two dozen individually identified defendants and six "doe" defendants in the Complaint, and he asserts ten separate causes of action. The Complaint is unclear. But as best as the Court can decipher, Plaintiff's allegations generally involve ownership interests and other issues related to the operation and regulation of certain oil wells in Oklahoma. Plaintiff attaches more than 200 pages of exhibits to the Complaint. The exhibits are referenced in the Complaint, but the relevance of certain exhibits

is not clear. In total, including the attached exhibits, Plaintiff's Complaint spans 234 pages.

## II. Discussion

Although the Court liberally construes a *pro se* party's filings, Plaintiff must still follow the same procedural rules that apply to all litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Among the rules Plaintiff must follow is Federal Rule of Civil Procedure 8, which states in relevant part:

> (a) Claim for Relief. A pleading that states a claim for relief must contain: . . .
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; . . .

Rule 8 requires a party to "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations. . . ." *Robbins v. Oklahoma, ex rel., Dept. of Human Servs. et al.*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). Additionally, a plaintiff can make a pleading unintelligible and, therefore, deficient under Rule 8 "by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (quotation marks and citation omitted).

Stated simply, parties must "frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quotation marks and citation omitted). Rule 8's requirement is important because a short and plain statement gives "the opposing party reasonable and fair notice of the basis of the complaint." *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001) (collecting cases). It is "not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading." *Mann*, 477 F.3d at 1148.

Failure to comply with Rule 8 "can supply a basis for dismissal." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1161 (10th Cir. 2007). District courts may dismiss an action for failure to comply with Rule 8 *sua sponte*. *Sladek v. Bank of America, NA*, No. 24-1181, 2024 WL 4224029, at *4 (10th Cir. Sept. 18, 2024) (citing *Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir. 2009); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

There are several significant issues with Plaintiff's Complaint. Most glaring is that it is not clear enough who is alleged to have done what to whom. Plaintiff's many exhibits and attachments to the Complaint compound the problem. Plaintiff has not set any records for page length, but by not sufficiently organizing and identifying each exhibit, and due to the nature of the attached exhibits, Plaintiff has "conceal[ed] in a morass of irrelevancies

the few allegations that matter." *Mann*, 477 F.3d at 1148. For example, Plaintiff attaches pleadings from other proceedings as exhibits to the Complaint in this action. [ECF No. 1-2 at 1–33]. The scope of what Plaintiff intends to incorporate into the allegations in the Complaint in *this matter* is not sufficiently clear.

Additionally, it is not clear from the Complaint that the Court may exercise subject matter jurisdiction. On the first page of the Complaint under the heading "JURISDICTION and VENUE," Plaintiff states that his claim exceeds $75,000, and he references various parties' residence. Therefore, the Court liberally construes this pleading as asserting jurisdiction under the federal diversity statute, 28 U.S.C. 1332. There are two main issues with Plaintiff's jurisdictional statement.

First, the Court notes that *residence* is not sufficient to establish diversity jurisdiction. The statue requires opposing parties to be *citizens* of different states (*i.e.* where a party is *domiciled*). *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972) ("an allegation that a party defendant is a resident of a state is not equivalent to an allegation of 'citizenship' and is 'insufficient to confer jurisdiction upon the District Court'")); *see also ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1304 (10th Cir. 2025) ("domicile consists of residence plus an

intent to remain there indefinitely.") (cleaned up). Second, Plaintiff alleges that certain "Plaintiffs and Defendants are residents of Oklahoma." [ECF No. 1. at 1]. Of course, residence and citizenship are different for jurisdictional purposes. But to the extent certain Defendants' citizenship is the same as Plaintiff's, the Court may not exercise diversity jurisdiction. As noted below, the Court will grant Plaintiff an opportunity to amend the Complaint. However, the Court ORDERS Plaintiff to specifically address the jurisdictional issue in any amended complaint to establish that the Court can exercise subject-matter jurisdiction in this case. Failure to adequately plead jurisdiction may result in dismissal of this action without further notice to the Plaintiff.

## III. Conclusion

For the reasons set forth in this order, Plaintiff's Complaint, [ECF No. 1], is hereby DISMISSED without prejudice. If Plaintiff wishes to file an amended pleading, he must do so no later than October 8, 2026. If no such amended pleading is filed, this action will be dismissed in its entirety without prejudice, and without further notice to Plaintiff.

Because Plaintiff's Complaint is dismissed, the following motions are MOOT:

- Defendant Oklahoma State Treasurer's Motion to Dismiss and Brief in Support, [ECF No. 12];
- Defendants Billy Winsette, Ott Holleman, and Robert Frost's Combined Motion to Dismiss Plaintiff's Complaint, [ECF No. 13];
- Defendants Oklahoma Corporation Commission, Tyler Trout, Clark Dexter, David Lansdale, Everett Plummer, and Brett Smith's Motion to Dismiss and Brief in Support, [ECF No. 17];
- Plaintiff's Application to Permit Late Filing, [ECF No. 23];
- Plaintiff's Motion for Declaratory Ruling Against Oklahoma Corporation Commission, [ECF No. 34];
- Plaintiff's Motion for Partial Summary Judgment Against Oklahoma Corporation Commission on Plaintiffs [sic] Fifth Cause of Action (Page 16), [ECF No. 35];
- Plaintiff's Motion for Declaratory Ruling Against Oklahoma Corporation Commission for Failure to Transfer Wells as a Matter of Law, [ECF No. 38];
- Defendants' Joint Motion to Stay Pending Ruling on Defendants' Motion to Dismiss and Brief in Support, [ECF No. 41];
- Defendant Baaron Hagood's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), [ECF No. 46]; and
- Defendant Roy Brigge's Motion to Dismiss, [ECF No. 64].

Also before the Court are two additional motions: Plaintiff's Emergency Application to Vacate Bond Forfeiture Order No. 743779 as a Matter of Law, [ECF No. 42]; and Plaintiff's Emergency Application for an Order to Transfer Wells Purchased from the Bankruptcy of Southcreek Petroleum Before November 1, 2025, [ECF No. 69]. As a matter of discretion to control its docket, the Court STRIKES these filings because it is not clear to the Court how it may exercise jurisdiction to grant the relief requested in the motions. They are also stricken for failure to comply with the Court's Civil Chambers

Rule 1. These motions are stricken without prejudice to refiling corrected motions.

DATED this 8th day of September, 2026.

Sara Hill

Sara E. Hill
UNITED STATES DISTRICT JUDGE